IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　: CRIMINAL NO. 1:10-CR-0043-2
　　v.　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　: (Judge Caldwell)
ERIC PAUL EMMANUEL,　　　　　　:
　　　　Defendant　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:

*M E M O R A N D U M*

I.  *Introduction*

Defendant, Eric Paul Emmanuel, has filed a pro se motion to vacate his conviction and sentence. After a jury trial, Defendant was found guilty of: (1) conspiracy to possess with intent to distribute in excess of 1,000 pounds of marijuana, a violation of 21 U.S.C. § 846; and (2) possession with intent to distribute in excess of 1,000 pounds of marijuana, a violation of 21 U.S.C. § 841(a)(1). In April 2011, he was sentenced to 121 months' imprisonment on both offenses, to be served concurrently. His direct appeal was denied. *United States v. Emmanuel*, 501 F. App'x 209 (3d Cir 2012)(nonprecedential).

This 2255 motion followed. This is the court's initial review of the motion under Rule 4(b) of the rules governing section 2255 proceedings. Under Rule 2(b)(2) of the section 2255 rules, Defendant "must state the facts supporting each ground" for relief. Vague and conclusory allegations are not sufficient and may be dismissed under Rule 4(b). *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Pursuant to Rule 4(b), we will deny the motion without requiring an answer from the government as it plainly lacks merit.

II. *Discussion*

The motion makes a number of vague allegations that Defendant was coerced into the criminal proceedings, coerced at various stages of the case against him, and was not informed of the nature and purpose of some of the stages. However, none of the allegations would appear to be remotely plausible as grounds for vacating his conviction.[1]

We note two possibilities. First, Defendant alleges that he was coerced into his initial appearance before a magistrate judge and was not informed of the nature or purpose of the proceeding. Consequently, he pled not guilty at the direction of the magistrate judge. (Doc. 156, 2255 motion, ECF p. 3). Defendant's federal rights could not have been violated by the entry of a not-guilty plea at an initial appearance.

Second, Defendant avers that the seizure of the marijuana and his subsequent arrest violated the Fourth and Fifth Amendments to the Constitution. (*Id.*, ECF pp. 8-9). However, the validity of the search for, and subsequent seizure of the marijuana, was litigated pretrial. We decided the search and seizure did not violate the Fourth Amendment. *United States v. Narcisse*, 2010 WL 2926589 (M.D. Pa. July 26, 2010). Our ruling was affirmed on the direct appeal of Emmanuel's co-defendant, Stanlet Narcisse. *See United States v. Narcisse*, 501 F. App'x 142 (3d Cir. 2012)(nonprecedential). We will not relitigate this issue in 2255 proceedings. *See United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993); *United States v. Orejuela,* 639 F.2d 1055, 1057 (3d Cir. 1981)("Once a legal argument has been litigated and decided adversely to a criminal defendant at his trial and on direct appeal, it is within the discretion of the district court to decline to reconsider those arguments if raised again in

---

[1] If they were, the court would grant leave to amend. *See Thomas*, 221 F.3d at 438.

collateral proceedings under 28 U.S.C. § 2255."). It follows that any claim of an unlawful arrest based on the seizure of the marijuana also fails.

We will issue an order denying the 2255 motion. The order will also deny a certificate of appealability, based on the analysis in this memorandum. However, Defendant is advised that he has the right for sixty (60) days to appeal our order denying his 2255 motion, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. *See* Federal Rule of Appellate Procedure 22.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date; November 26, 2013

-3-