UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 1:10-CR-43-2 |
| | : |
| ERIC PAUL EMMANUEL, | : |
| Defendant | : |

*M E M O R A N D U M*

*I.      Introduction*

Before this court is Petitioner Eric Paul Emmanuel's "Request for Personal Property." (Doc. 200). We construed the request as a motion for return of property under Federal Rule of Criminal Procedure 41(g), and required a response from the Government. (Docs. 201 & 202). For the reasons that follow, we will deny Plaintiff's motion.

*II.     Background*

Petitioner Eric Paul Emmanuel is an inmate located at Moshannan Valley Correctional Facility in Philipsburg, Pennsylvania. (Doc. 200). On November 12, 2010, a jury convicted Emmanuel of drug-related charges in violation of 21 U.S.C. §§ 841(a)(1), 846. (Doc. 99). On April 29, 2011, Emmanuel was sentenced to 121 months' imprisonment followed by five years' supervised release. (Doc. 109-10). On October 18, 2012, the Third Circuit affirmed Emmanuel's conviction and sentence. (Doc. 152-2 at 2).

On November 2, 2016, Emmanuel filed the instant *pro se* motion alleging that, "[u]pon my arrest personal property was taken away from me but never returned." (Doc. 200). Emmanuel indicates that the items taken include his wallet and its contents, such as his driver's license and debit cards. (*Id.*) Emmanuel seeks return of that property from the Government to a specific address, and notes that, if the Government "do[es] not

have the items in question in [its] possession, but ha[s] knowledge of who does, please direct me accordingly." (*Id.*)  Emmanuel seeks only the return of his property as relief.  We construed Emmanuel's request as a motion to return property pursuant to Rule 41(g) and ordered the Government to respond.  (Doc. 201).

On February 14, 2017, the Government responded to Emmanuel's motion and attached three documents from the Drug Enforcement Administration (DEA) listing items of Emmanuel's property that were transferred into DEA custody from the Pennsylvania State Police (PSP), including, among other things,[1] the property of which Emmanuel now seeks return: a "brown leather wallet with numerous cards." (Doc. 202 at 2-4).  The first DEA document indicates that the evidence was seized from Emmanuel on January 31, 2010, was entered into evidence by the PSP, and was taken out of PSP custody and transferred into DEA custody on August 24, 2010.  (Doc. 202-1 at 2).  A second document indicates that the evidence underwent abandonment proceedings, and, on November 2, 2012, was "Destroyed," stating: "The foregoing exhibits, described above, have undergone abandonment proceedings . . . and may be disposed [in accordance with] 41 CFR 128, Authorities and Responsibilities for Personal Property Management." (*Id.* at 3).  A third document, prepared on February 12, 2013, states: "All administrative and judicial aspects of this case have been disposed of, all evidence and seized property have been disposed of, and all required reports submitted.  Upon concurrence of [the Resident Agent in Charge] . . . this case will be closed." (*Id.* at 4).  Citing to this third document, the Government asserts that the items seized "underwent abandonment proceedings pursuant to agency regulations and were destroyed as of February 12, 2013." (*Id.* at 2).

---

[1] Also included were three cellular telephones, a GPS unit, a CD, an "[o]riginal bill of lading," an "ohio" snow globe, the PSP evidence envelope, and a black leather wallet.  (Doc 202 at 3).

2

The Government did not provide documentation of the abandonment proceedings, and the record is unclear as to whether Emmanuel received notice of, or an opportunity to be heard at, such proceedings.  Despite an opportunity to do so, Emmanuel did not file a reply to the Government's response, but, in his original motion, he appears to be unaware of such proceedings.  (Doc. 200 at 1).

III.        *Discussion*

"Property seized by the government as part of a criminal investigation 'must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture.'"  *United States v. Albinson*, 356 F.3d 278, 280 (3d Cir. 2004) (quoting *United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999)).  A person aggrieved by the deprivation of property may file a motion under Rule 41(g) to request its return.  *See* Fed. R. Crim. P. 41(g); *United States v. Bein*, 214 F.3d 408 (3d Cir. 2000).  The government bears the evidentiary burden when a motion to return property is made after termination of criminal proceedings.  *Chambers*, 192 F.3d at 377.  "At that point, the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property."  *Id.*

Here, the Government, without citation to any legal or regulatory authority, contends that Emmanuel's motion should be denied because it no longer possesses his property because the property "underwent abandonment proceedings pursuant to agency regulations and w[as] destroyed as of February 12, 2013." (Doc. 202 at 2).

"[A] motion for return of property is not rendered moot merely because the government no longer possesses the seized property."  *Chambers*, 192 F.3d at 377.  In the event that the government claims that it does not possess the property in response to

3

a Rule 41(g) motion, courts must conduct a two-part inquiry: (1) we "must determine, in fact, whether the government retains possession of the property," and (2) if we find that the government no longer possesses the property, we "must determine what happened to the property." *Id.* at 378. "The government cannot defeat a properly filed motion for return of property merely by stating that it has destroyed the property or given the property to third parties." *Id.* at 377. "The government must do more than state, without documentary support, that it no longer possesses the property at issue." *Id.* at 377-78.

Rule 41(g) directs district courts to "receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g). Although an evidentiary hearing may be helpful in making evidentiary determinations, "a district court need not necessarily conduct an evidentiary hearing on every Rule 41(g) motion." *Albinson*, 356 F.3d at 281. An evidentiary hearing is not necessary to determine what happened to the property if no disputed issue of fact exists. *See id.* at 281-82. Evidence such as affidavits or chain of custody records, "may be sufficient" for a court to render a decision. *Id.* at 282.

In this case, there do not appear to be any factual disputes, and, based on the uncontested documents supplied by the Government, we find that the Government no longer possesses Emmanuel's property and that the property was destroyed. However, even where the Government disposes or destroys a petitioner's property, we must receive "evidence to determine whether the [G]overnment *properly* disposed of [the] property." *Chambers*, 192 F.3d at 375 (emphasis added).

Here, the Government broadly contends in its two-page brief that the DEA destroyed Emmanuel's property "pursuant to agency regulations." (Doc. 202 at 2). Although the Government provides no explanation of why disposal was proper, and

provides no authority to support its claim, the DEA forms attached to the Government's brief suggest that the property underwent abandonment proceedings and was "disposed [in accordance with] 41 CFR 128." (Doc. 202-1 at 3).

If the Government is, in fact, relying on 41 C.F.R. § 128 as the regulatory authority enabling it to destroy Emmanuel's property, then it is, at best, unclear how that authority applies so as to make destruction or disposal of the property appropriate in this case. There are numerous subsections to 41 C.F.R. § 128. *See* 41 C.F.R. §§ 128-1.100 to 128-50.103. The Government's brief does not indicate which subsection of these regulations authorizes the destruction of Emmanuel's property. The Government provides no case law or authority to explain how 41 C.F.R. § 128 authorizes or otherwise makes proper its disposal or destruction of Emmanuel's property. Indeed, one court in this district has commented that the government's reliance on similar DEA forms citing to 41 C.F.R. § 128 was "arbitrary and unexplained," and found that the government's disposal of property pursuant to such forms "appear[ed] improper." *See United States v. Hernandez*, No. 4:95-CR-0296-001, 2006 WL 618429, at *3 (M.D. Pa. Mar. 9, 2006). Based on such inadequate evidentiary support, it is difficult for this court to determine whether the government properly disposed of Emmanuel's property. *See Chambers*, 192 F.3d at 375. Therefore, we find that the Government's disposal of the property "appears improper," or, at the very least, that the Government has failed to supply enough evidence to meet its evidentiary burden in this case. *See Hernandez*, 2006 WL 618429, at *3.

Nonetheless, we find that even if the Government's disposal of the property was improper, Emmanuel is without a remedy. Here, Emmanuel only requests the return of his property to a specific address. (Doc. 200 at 1). Indeed, that is the only relief for

5

which Rule 41(g) provides. *See United States v. Stevens*, 500 F.3d 625, 628 n.3 (7th Cir. 2007) ("The only proper object of a Rule 41(g) motion is recovery of actual property seized."). As such, because we find that the Government no longer possesses the property and that the property was destroyed, Rule 41(g) cannot provide Emmanuel relief in the form of return of the property.

Moreover, Rule 41(g) cannot provide a monetary remedy to Emmanuel for the Government's destruction of the property. "A majority of courts . . . have declined to interpret Rule 41(g) as a waiver of sovereign immunity that would permit a claimant to receive damages in lieu of tangible property . . . that the government has lost or destroyed." *Pitts v. United States*, _ F. Supp. 3d _, _, 2017 WL 74987, at *4 (E.D. Pa. Jan. 6, 2017) (noting that the Second, Third, Fourth, Fifth, Seventh, Eighth, and Eleventh Circuits have all concluded that the government has not waived sovereign immunity with respect to a Rule 41(g) motion, and therefore Rule 41(g) does not allow for monetary damages and only provides for return of property). As the Third Circuit has noted, because "sovereign immunity bars a claim against the Government seeking money damages under [Rule 41(g)]," a motion under Rule 41(g) only "provides for one specific remedy—the return of property." *Bein*, 214 F.3d at 410, 415; *see also Hernandez*, 2006 WL 618429, at *1; *Pitts*,_ F. Supp. 3d at _, 2017 WL 74987, at *4. Therefore, because the Government has destroyed Emmanuel's property, we can neither award a return of the property or monetary damages. Accordingly, as in *Hernandez*, we "discern no other remedy" for the destruction of Emmanuel's property by the Government in this case, and

are "left with no option but to deny [Emmanuel's motion under Rule 41(g)]."[2] *Hernandez*, 2006 WL 618429, at *3.

*IV.        Conclusion*

For the foregoing reasons, we will deny Emmanuel's motion for return of property pursuant to Rule 41(g). We find that, even if the Government may have improperly destroyed the seized property, there is no remedy available to Emmanuel under Rule 41(g). We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

---

[2] Importantly, we note that Emmanuel may not be entirely without a remedy for the destruction of his property. He is only without a remedy with respect to Rule 41(g). Emmanuel is not precluded from initiating a separate action to attempt to seek relief through other avenues, such as an action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), a *Bivens* constitutional tort claim, *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), or a potential Fifth Amendment Due Process claim if he claims that the property was destroyed without notice or an opportunity to be heard. *See Pitts*, 2017 WL 74987, at *4 n.4. We do not construe Emmanuel's motion as a new action asserting any of these claims. We emphasize that we do not here opine on whether these avenues are available or would provide relief in this or any other case.